Hunter H. Hoestenbach (CA Bar No. 249130)
**HOESTENBACH LAW**
501 W. Broadway Ste. A230
San Diego, CA 92101-3536
Tel: 619.940.4868 / Fax: 619.546.9490
E-mail: Hunter@HoestenbachLaw.com

Attorney for Defendant
Legal Recovery Law Offices, Inc.

ADR     E-Filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUZELLA LITTLETON,<br><br>    Plaintiff,<br><br>vs.<br><br>ARROW FINANCIAL SERVICES, L.L.C. AND LEGAL RECOVERY LAW OFFICES, INC.,<br><br>    Defendants. | Case No. **C13-3591** KAW<br><br>DEFENDANT LEGAL RECOVERY LAW OFFICES' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 & 1446<br><br>**FILE BY FAX** |

TO THE CLERK OF THE COURT:

   PLEASE TAKE NOTICE that defendant LEGAL RECOVERY LAW OFFICES, INC. ("LRLO"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the below described state court action to the United States District Court for the Northern District of California, San Francisco / Oakland Division. In support of this removal, LRLO states:

///

1. This action arises out of Contra Costa County, California.

2. On June 25, 2013, a lawsuit was commenced in the Superior Court of California, County of Contra Costa, under Case No. MSL13-02228 and entitled *Truzella Littleton vs. Arrow Financial Services, L.L.C., et. al.* A true and correct copy of the Summons, Complaint, and all other process, pleadings and orders served upon LRLO are attached hereto as Exhibit 1. 28 U.S.C. § 1446(a).

3. On July 9, 2013, plaintiff Truzella Littleton served LRLO with a copy of the Summons and Complaint. *See* Exhibit 1, Summons Personal Delivery Date. Aside from the material in Exhibit 1, LRLO is not aware of any other process, pleadings or orders served upon LRLO in this action.

4. LRLO files this Notice of Removal within one year of the date the action was originally filed and within thirty days of receipt of the Complaint. Removal is therefore timely. 28 U.S.C. § 1446(b)(1).

5. This Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 because it arises under the laws of the United States; that is, plaintiff's claims for relief assert violations of federal law under 15 U.S.C. §§ 1692, et. seq. Hence this federal question action may be removed to this Court by LRLO pursuant to the provisions of 28 U.S.C. § 1441(a).

6. Supplemental jurisdiction of any state law claim is proper under 28 U.S.C. § 1367(a).

7. Promptly after filing this Notice of Removal, LRLO will give written notice of the removal to all parties and will file a copy of the notice with the Clerk of the Superior Court of California, County of Contra Costa. 28 U.S.C. § 1446(d).

8. LRLO will promptly serve on all parties the supplementary materials specified in Civil L.R. 4-2.

9. LRLO reserves the right to supplement this Notice of Removal when additional information becomes available. LRLO further reserves all rights,

including but not limited to, defenses and objections as to venue, personal jurisdiction and service. The filing of this Notice of Removal is subject to, and without waiver of, any such defense or objection.

Date: <u>July 30, 2013</u>     Respectfully submitted,

**HOESTENBACH LAW**

By: <u>/s/ Hunter H. Hoestenbach</u>
    Hunter H. Hoestenbach (SBN: 249130)
    501 W. Broadway Ste. A230
    San Diego, CA 92101-3536
    Tel: 619.940.4868 / Fax: 619.546.9490
    E-Mail: Hunter@HoestenbachLaw.com

ATTORNEY FOR LRLO

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ARROW FINANCIAL SERVICES, L.L.C. AND LEGAL RECOVERY LAW OFFICES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TRUZELLA LITTLETON



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

JUN 25 2013

A. FRENKLACH

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Contra Costa
725 Court Street
Martinez CA 94553

**CASE NUMBER:** 13-02228

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: JUN 25 2013          Clerk, by  A. FRENKLACH  , Deputy
(Fecha)                    (Secretario)              (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: LEGAL RECOVERY LAW OFFICES, INC
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 7/9/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

FILED

JUN 25 2013

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
Attorney for Plaintiff

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 31

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF CONTRA COSTA
## LIMITED JURISDICTION

TRUZELLA LITTLETON,

Plaintiff,

vs.

ARROW FINANCIAL SERVICES, L.L.C. AND LEGAL RECOVERY LAW OFFICES, INC.,

Defendants.

Case No. **L 13-02228**

COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Federal Fair Debt Collection Practices Act as to both Defendants
2. Violation of Fair Debt Collection Practices Act as to Defendant Legal Recovery Law Offices, Inc. only

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant Arrow Financial Services, L.L.C. and Defendant Legal Recovery Law Offices, Inc.'s violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq*. (hereinafter "RFDCPA") and Defendant Legal Recovery Law Offices, Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.  Plaintiff, Truzella Littleton ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, Defendant, Arrow Financial Services, L.L.C., ("Defendant Arrow") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant Arrow regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

4.  At all relevant times herein, Defendant, Legal Recovery Law Offices, Inc. ("Defendant LRL") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant LRL regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant Arrow hired Defendant LRL to contact Plaintiff in an attempt to collect an alleged outstanding debt. (Both parties referred to as "Defendants" collectively herein.)

6.  On or about February 2, 2013, Plaintiff received an Earnings Withholding Order and Writ of Execution. Defendant LRL was attempting to collect on a judgment it obtained on

behalf of Defendant Arrow against Plaintiff. Plaintiff had no prior knowledge of the judgment and had not had contact with either Defendant LRL or Defendant Arrow before that day.

7. On or about February 13, 2013, Plaintiff called Defendant LRL regarding the judgment. Plaintiff spoke to Kathy, an employee of Defendant LRL who stated that their client had requested the file back and advised Plaintiff to contact the creditor. Kathy told Plaintiff that the creditor was GE Money Store, but told Plaintiff that she did not have their phone number.

8. After speaking with Kathy, Plaintiff looked for GE Money Store's phone number on the internet. On February 22, 2013, Plaintiff called 866-419-4096 in attempt to get information about the debt. Plaintiff learned that the debt in question was a debt allegedly owed by her ex-husband of twelve years. Plaintiff is not in contact with him and is not responsible for the alleged debt in question.

9. Plaintiff alleges that Defendant Arrow and Defendant LRL attempted to collect a debt from her by obtaining a judgment, without properly serving Plaintiff with a lawsuit.

10. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

11. Both Defendants' conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Collecting/Attempting to collect a consumer debt from Plaintiff by means of judicial proceedings, where the debt collector knew that service of process, which was essential to jurisdiction over Plaintiff or his property, had not been legally effected (Cal Civ Code § 1788.14(a));

b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

e) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A)); and

f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)).

12. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and both Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against both Defendants for the following:

 A. Declaratory judgment that Defendants conduct violated the RFDCPA;

 B. Actual damages;

 C. Statutory damages for willful and negligent violations;

D.  Costs and reasonable attorney's fees,

E.  For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AS TO DEFENDANT LRL ONLY

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against both Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages;

D.  Costs and reasonable attorney's fees; and,

E.  For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 25th day of June, 2013

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Truzella Littleton | FILED<br>JUN 25 2013<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By: _____ Deputy Clerk<br>A. FRENKLACH |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court St.
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME:

CASE NAME:
Truzella Littleton v. Arrow Financial Services, L.L.C., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds       $25,000 or less)<br>$25,000) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | C 13-02228<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: June 25, 2013

Todd M. Friedman
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

I, <u>Hunter Hoestenbach</u>, am an attorney licensed in the State of California. My business address is 501 W. Broadway Ste. A230, San Diego, CA 92101. I am over 18 years of age, not a party to the within action, and I am exempt from registration under Cal. Bus. & Prof. Code § 22350(b).

I certify that, on <u>July 30, 2013</u>, defendant Legal Recovery Law Offices, Inc.'s Notice of Removal Under 28 U.S.C. §§ 1441 and 1446 (Re: *Littleton v. Arrow Financial Services, et. al.*, Case# MSL13-02228, Contra Costa County Super. Ct.) was served on all parties or their counsel of record named below by serving a true and correct copy in the manner indicated.

| | |
|---|---|
| Todd M. Friedman | Debbie P. Kirkpatrick |
| Law Offices of Todd M. Friedman | Sessions, Fishman, Nathan & Israel |
| 369 S. Doheny Dr. Ste. 415 | 1545 Hotel Circle S. Ste. 150 |
| Beverly Hills, CA 90211 | San Diego, CA 92108 |
| 877.206.4741 / fax 866.633.0228 | 619.222.3362 / fax 619.296.2013 |
| tfriedman@attorneysforconsumers.com | dkirkpatrick@sessions-law.biz |
| Attorneys for Plaintiff | Attorneys for Arrow Financial |

<u>x</u> FRCP 5(b)(1) & (b)(2)(C): I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, CA. I am readily familiar with the practice of Hoestenbach Law for collecting and processing correspondence for mailing, said practice being that, in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

Executed on <u>July 30, 2013</u> in San Diego, CA.

    I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Date: <u>July 30, 2013</u>    /s/ Hunter H. Hoestenbach
                                                       Hunter H. Hoestenbach

HHH

- 1 -    *Littleton v. Arrow*
Def.'s Notice of Removal (Proof of Service)