**United States District Court**
For the Northern District of California

1
2
3
4
5                           UNITED STATES DISTRICT COURT
6                           NORTHERN DISTRICT OF CALIFORNIA
7                                  EUREKA DIVISION
8
9    TRUZELLA LITTLETON,                      No.  1:13-CV-3591 NJV
10              Plaintiff,                     ORDER GRANTING MOTION
                                              TO EXTEND DEADLINE FOR HEARING
11        v.                                  DISPOSITIVE MOTIONS, SETTING
     ARROW FINANCIAL SERVICES, L.L.C.         SCHEDULE
12   AND LEGAL RECOVERY LAW OFFICES,
     INC.,                                    (Docket 34)
13
              Defendants.
14   _____/
15
16        This is an action for violation of the Rosenthal Fair Debt Collection Practices Act and the

     Federal Fair Debt Collection Act.  (Doc. 1.)  Plaintiff alleges that Defendant Legal Recovery Law
17
     Offices, Inc., ("LRLO") was hired by Defendant Arrow Financial Services, LLC,[1] to attempt to
18
     collect an alleged outstanding debt.  *Id*.  She further alleges that LRLO obtained a judgment against
19
     her on behalf of Defendant Arrow Financial Services, LLC, but that she was never properly served
20
     with a lawsuit.  *Id*.  Plaintiff claims that Defendants' conduct otherwise violated the Rosenthal Fair
21
     Debt Collection Practices Act and the Federal Fair Debt Collection Act in several ways.  *Id*.
22
          The court entered a case management scheduling order November 19, 2013.  (Doc. 28.)
23
     Among the deadlines set in that order was the deadline for dispositive motions to be heard: July 22,
24
     2014.  *Id*.  On July 22, 2014, LRLO filed a motion to extend time for hearing dispositive motions,
25
     arguing that it could show good cause under Federal Rule of Civil Procedure 6.  (Doc. 34.)  Counsel
26
     for LRLO provided a declaration stating that he had mistakenly calendered July 22, 2014, as the
27
     deadline for <u>filing</u> dispositive motions.  (Doc. 34-1.)  He further declared that he was prepared to file
28
     _____
          [1]Based on a stipulation of the parties, Defendant Arrow Financial Services, LLC, was dismissed
     from this action on June 10, 2014.  (Doc. 32.)

1   a motion for summary judgment immediately. *Id*. Plaintiff opposes LRLO's motion, arguing that

2   LRLO has not met the showing of good cause required under Federal Rule of Civil Procedure

3   16(b)(4) for modifying a scheduling order. (Doc. 36.) LRLO, acting without the court's permission,

4   filed its motion for summary judgment on July 29, 2014. (Doc. 38.)

5   **DISCUSSION**

6   Federal Rule of Civil Procedure 16(b)(4), entitled "Modifying a Schedule," provides that "[a]

7   schedule may be modified only for good cause and with the judge's consent." The Ninth Circuit

8   discussed this standard and its application in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604

9   (9th Cir. 1992). In that case, after bringing a personal injury action against a ski resort's holding

10  company, an injured skier moved to amend his complaint to add the ski resort as a defendant. *Id*.

11  The district court denied the skier's motion and granted the holding company's motion for summary

12  judgment. *Id*. The Ninth Circuit affirmed. In explaining that the outcome would not change if the

13  skier's motion to amend his complaint were treated as a motion to amend the court's scheduling

14  order, the Ninth Circuit explained:

15  "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of
     the amendment under ... Rule 15." *Forstmann* [*v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987).]

16  Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party
     seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s
     
17  "good cause" standard primarily considers the diligence of the party seeking the amendment.
     The district court may modify the pretrial schedule "if it cannot reasonably be met despite
     the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's

18  notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463,
     469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217

19  (N.D.Ind.1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice
     and Procedure

20  § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met
     despite party's diligence). Moreover, carelessness is not compatible with a finding of

21  diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R.
     Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule

22  60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971)
     (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone*,

23  308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the
     party opposing the modification might supply additional reasons to deny a motion, the focus
     of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner*

24  *Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent,
     the inquiry should end.

25

26  Johnson has failed to demonstrate good cause for his belated motion to amend. As discussed
     above, Mammoth Recreations's answer to the complaint and response to interrogatories

27  amply indicated that Mammoth Recreations did not own and operate the ski resort, and thus
     that any theory of liability predicated upon that fact would fail. Moreover, the district court
     found that Mammoth Recreations's counsel had sent a letter explicitly offering to stipulate to

28  a substitution of the "proper defendant," Mammoth Mountain Ski Area, Inc. Failing to heed

clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.

Under this standard, LRLO's lack of dilatory motive and the possible prejudice to Plaintiff are not determinative as to whether good cause exists. As set forth above, good cause under Rule 16(b) is based primarily on the diligence of the party seeking the amendment. Here, LRLO exhibited a lack of diligence in moving to modify the court's case management scheduling order. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d at 609 ( carelessness not compatible with a finding of diligence and offers no reason for grant of relief ).

However, the court finds that unique circumstances exist which support allowing this case to proceed by motion for summary judgment. Chief among these is the statement by Defense Counsel, made under penalty of perjury, that Plaintiff's Counsel, "did agree that the issue covered by the summary judgment is the single issue raised by the complaint and he did agree that summary judgment, rather than trial, would be a more efficient and cost effective method to resolve this action." (Doc. 34-1, 3:9-11.) The court finds that there appear to be no substantial factual disputes in this case and that it would be a waste of judicial resources for this case to go forward to a jury trial. Because the issues of collateral estoppel and the statute of limitations identified by the parties appear to be purely legal, it would be more efficient for this case to be decided before the court on a motion for summary judgment. To force this case to trial would be to elevate form over substance. Accordingly, for these reasons, and despite the fact that LRLO has not met the good cause standard for modifying the case management scheduling order, the court will allow its motion for summary judgment to go forward.

//

//

//

//

//

//

//

**United States District Court**
For the Northern District of California

**ORDER**

1)      LRLO's motion to extend the deadline for hearing dispositive motions is HEREBY GRANTED for the reasons set forth above;

2)      Plaintiff is HEREBY GRANTED fourteen (14) days from the date of entry of this order within which to file an opposition to LRLO's motion for summary judgment;

3)      LRLO is HEREBY GRANTED seven (7) days from date of filing of the opposition within which to file a reply;

4)      LRLO's motion for summary judgment shall be heard September 2, 2014, at 10:00 am.  The parties may appear telephonically by dialing 888-684-8852 and entering access code 1868782.

IT IS SO ORDERED.

Dated: August 4, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge

4