**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7                                EUREKA DIVISION

8

9    TRUZELLA LITTLETON,                      No.  1:13-CV-3591 NJV

10             Plaintiff,                     ORDER REQUIRING FURTHER
                                              BRIEFING
11        v.

     ARROW FINANCIAL SERVICES, L.L.C.
12   AND LEGAL RECOVERY LAW OFFICES,
     INC.,
13
               Defendants.
14   _____/

15

16        This is an action for violation of the Rosenthal Fair Debt Collection Practices Act and the

17   Federal Fair Debt Collection Act.  (Doc. 1.)  Defendant Legal Recovery Law Offices ("LRLO")

18   has filed a motion for summary judgment which is set for hearing on September 2, 2014.  (Doc. 38.)

19   The court has reviewed the parties' papers and finds that further briefing is required.  Accordingly,

20   the hearing on LRLO's motion for summary judgment is CONTINUED to September 16, 2014, at

21   10:00 am.  The parties SHALL FILE supplementary briefs no later than 5:00 pm. on September 4,

22   2014, addressing the issues identified below.  No response briefs will be accepted.

23        LRLO moves for summary judgment describing this lawsuit as an "action against Defendant

24   for improper service of process."  Motion for Summary Judgment, 7:17-18.  Plaintiff states in her

25   Opposition that her Complaint rests on the position that the service of summons was invalid.

26   Opposition, 2:11-12.  However, the complaint alleges as follows:

27        11.     Both Defendants' conduct violated the RFDCPA in multiple ways, including but not
                  limited to:

28

a) Collecting/Attempting to collect a consumer debt from Plaintiff by means of judicial proceedings, where the debt collector knew that service of process, which was essential to jurisdiction over Plaintiff or his property, had not been legally effected (Cal Civ Code § 1788.14(a));
b) Falsely reporting or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));
c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§ 1692e(5))
d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d));
e) Falsely reporting the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A)); and
f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10)).

Complaint, 5:24-6:11.  LRLO does not address these six allegations of  violations of the RFDCPA in its pending motion for summary judgment, nor does Plaintiff raise them in her Opposition.  The parties shall discuss and explain whether resolution in its favor of the issue of collateral estoppel regarding service of summons and complaint on Plaintiff in the debt collection lawsuit would entitle LRLO to summary judgment on all of the allegations set forth above.  The parties shall discuss whether the default judgment entered in Superior Court has a preclusive effect on all of these alleged violations of RFDCPA in this federal lawsuit.

The parties shall discuss the impact of a finding of a genuine issue of material fact as to the effectiveness of service of summons on Plaintiff in the debt collection lawsuit on the claim of six alleged violations of RFDCPA set forth in the Complaint.

The parties shall discuss whether the doctrine of collateral estoppel can be correctly applied in this case in light of the factual issue as to whether Plaintiff had actual notice of the proceedings in Superior Court.  The parties shall discuss the following holding from *In re Cantrell*, 329 F.3d 1119, 1123-24 (9th Cir. 2003)

The mere fact that "judgment was secured by default does not warrant the application of a special rule." *Williams v. Williams (In re Williams' Estate)*, 36 Cal.2d 289, 223 P.2d 248, 252 (1950). California law does, however, place two limitations on this general principle. The first is that collateral estoppel applies only if the defendant "has been personally served with summons or has actual knowledge of the existence of the litigation." *In re Harmon*, 250 F.3d at 1247 (quoting *Williams*, 223 P.2d at 254). Collateral estoppel, therefore, only applies to a default judgment to the extent that the defendant had actual notice of the proceedings and a "full and fair opportunity to litigate." *Id*. at 1247 n. 6.

LRLO raised the issue of a lack of subject matter jurisdiction based on the *Rooker-Feldman*

**United States District Court**
For the Northern District of California

1   doctrine for the first time in its Reply.  However, the court may properly raise the issue of subject

2   matter jurisdiction at any time.  The parties shall brief the application of the *Rooker-Feldman*

3   doctrine to this case.  The parties shall address the application to this case of *Grant v. Unifund CCR,*

4   *LLC*, No. 12-56641, 2014 WL 2444600 (9th Cir., June 2, 2014) (claims divided into two classes,

5   second class to be remanded pursuant to 28 U.S.C. § 1447(c)); *Bryant v. Gordon & Wong*, 681

6   F.Supp.2d 1205 (E.D.Cal. 2010) ( in case involving  RFDCPA and federal Fair Debt Collection

7   Practices Act,  plaintiff's claims found to be barred under *Rooker-Feldman* doctrine); and *Fleming v.*

8   *Gordon & Wong Law Group, P.C.*, 723 F.Supp.2d 1219 (N.D.Cal. 2010) (plaintiff's claims under

9   Fair Debt Collection Practices Act found to challenge validity of debt authorized by state court

10  judgment and therefore to be barred by *Rooker-Feldman* doctrine.)

11  **IT IS SO ORDERED.**

12

13

14

15  Dated: August 29, 2014

16  _____

17  NANDOR J. VADAS
    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28